IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

DAVID WILLIS,
_____
_____
(Enter above the full name of the plaintiff
or plaintiffs in this action.)

NO. _____

vs.

Jury Trial Demand

Justin Weaver, Collierville P.D.
Justin Smith, CPD      et al.,
Collierville Police Department
(Enter above the full name of the defendant
or defendants in this action.)

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C., §1983

I.  Previous Lawsuits
   A. Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action or otherwise relating to your imprisonment? Yes ( ) No (✓)

   B. If your answer to A is yes, describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)

      1. Parties to this previous lawsuit
         Plaintiffs: ____N/A____
         _____
         Defendants: _____''_____
         _____''_____

      2. Court (if federal court, name the district; if state court, name the county): ''
      3. Docket Number: ''
      4. Name of judge to whom case was assigned: N/A
      5. Disposition (for example: Was the case dismissed? Was it appealed? Is it still pending?)
         _____''_____
      6. Approximate date of filing lawsuit: ''
      7. Approximate date of disposition: N/A

Revised 4/18/08

II. Place of Present Confinement: Shelby County Jail, 201 Poplar Avenue; Memphis, TN. 38103

A. Is there a prisoner grievance procedure in the institution?
Yes (X) No ( )

B. Did you present the facts relating to your complaint in the state prisoner grievance procedure?
Yes ( ) No (X)

C. If your answer is Yes:
1. What steps did you take? _____
2. What was the result? _____

D. If your answer is No, explain why not: This lawsuit is against a Collierville Police officer, and is not grievable.

III. Parties

(In item A below, place your name in the first blank and place your present address in the second blank. Do the same for additional plaintiffs, if any.)

A. Name of Plaintiff David Willis, #13145443, Shelby Co. Jail;
Address 201 Poplar Ave., Memphis, TN. 38103

(In item B below, place the full name of the defendant in the first blank, his official position in the second blank, and his and his place of employment in the third blank. Use Item C for the names, positions, and places of employment of an additional defendants.)

B. Defendant Justin Weaver is employed as Detective, Collierville Police Dept., 156 N. Rowlett St., at Collierville, TN. 38017

C. Additional Defendants: Justin Smith, Detective Collierville Police Dept.

IV. Statement of Claim

State here as briefly as possible the facts of your case. Describe how each defendant is involved. Include also the names of other persons involved, dates, and places. Do not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Use as much space as you need. Attach extra sheet if necessary.

1. This lawsuit is brought to seek redress for the injury inflicted upon the Plaintiff by the Defendants' intentional and reckless disregard for Plaintiff's Federal Constitutional rights under the 4th Amendment's protection against unreasonable searches and seizures; and the 14th Amendment's protection against the deprivation of life, liberty, or property, without due process of law. This action seeks an award of punitive damages because the Defendants maliciously engaged in unconstitutional conduct knowing the conduct created a substantial risk of significant harm to Plaintiff, and disregarded that risk.

Revised 4/18/08

2. On September 11, 2013, the Plaintiff whom was driving his vehicle, with the following passengers: 1) Nakeesha Willis; 2) Travis Willis; 3) David Medina; and 4) Jacob Feazell, went to a Walgreen's Pharmacy at Poplar Avenue and Byhalia Road in Collierville, Tennessee.

3. At the Walgreen's, David Medina and Jacob Feazell each purchased a box of pseudoephedrine pills, which took a considerable amount of time for both purchases. After these two individuals were seated inside Plaintiff's vehicle, Plaintiff drove out of the parking lot and started heading westbound on Poplar Avenue. As Plaintiff was pulling out onto Poplar Avenue, he noticed that a vehicle from the Walgreen's had pulled out behind Plaintiff's vehicle, and then, another vehicle had pulled out of Walgreen's behind the vehicle following Plaintiff's vehicle. (Unmarked police cars).

4. A short distance after pulling out onto Poplar, the unmarked police car directly behind Plaintiff's vehicle activated his emergency flashers signaling Plaintiff to pull over. The two unmarked vehicles was occupied by Defendants Weaver, and Smith.

5. This traffic stop was conducted at approximately :7:28 pm, on September 11, 2013, which was still daylight.

6. Although it was daylight, and the defendants vehicles were behind Plaintiff's vehicle, the defendants indicated the reason Plaintiff was stopped is because, "The headlights on this vehicle were

2 A

illuminated, but the registration plate was not." (License Plate light). It is almost impossible to see whether a license plate light is illuminated when it is still light outside, unless the person sits on the ground directly behind the license plate and looks up at the tiny enclosed license plate light. Furthermore, at the time of the stop, it did not get dark out until approximately 8:30 p.m.

7.   The defendants created a legal justification to search for evidence (pseudoephedrine pills), of a more serious crime (a pretextual stop), which has been condemned by state and federal courts.

8.   Plaintiff did not violate any traffic laws, nor is it illegal to purchase pseudoephedrine pills from the Walgreen's Pharmacy, and therefore, the defendants had no probable cause in which to stop Plaintiff's vehicle, although the defendants had been notified by the Pharmacy that two subjects, David Medina and Jacob Feazell were purchasing the pills. In other words, the defendants who wore plane clothes conducted surveillance has the subjects purchased the pills, exited the pharmacy, and got back inside Plaintiff's vehicle. All of the occupants, except for Travis Willis, was arrested, and charged with a party to the offense of Promotion of Methamphetamine Manufacture, as defined in T.C.A. 39-17-433.

9. The defendants are not entitled to qualified immunity as they violated clearly established law, and did so with the specific intent to cause injury to Plaintiff.

Claims For Relief

10. As a direct and proximate result of the defendants wanton and reckless disregard for Plaintiff's 4th Amendment rights to be free from unreasonable searches, Plaintiff sustained personal injury in the form of, lost earnings; emotional distress, and mental anguish; and he will continue to suffer irreparable injury, now, and in the future. He reserves the right to amend this complaint to add other injuries as they become known to Plaintiff.

2 C

V. Relief

<u>State briefly exactly what you want the court to do for you.</u> Make no legal arguments. Cite no cases or statutes.

Compensatory damages in the amount of $150,000 plus interest on this amount, General damages in the amount of $80,000. And Punitive damages in an amount of $300,000, Attorney fees, and any other relief the Court may deem just and proper.

VI. Jury Demand

I would like to have my case tried by a jury. Yes ( ) No (X).

I (We) hereby certify under penalty of perjury that the above complaint is true to the best of our information, knowledge, and belief.

Signed this 24th day of July, 20 14.

_____

(Signature of Plaintiff/Plaintiffs)

-3-